FILED
FEB 23 2005
PHIL DeLOACH, Clerk
By _____ Deputy

FILED
JAN 1 4 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WALT JASPER SAMUEL SHRUM, )
)
Plaintiff, )
)
v. ) Civil Action No. 05 3095 GTV
) 05 0100
U.S. DEPT. OF JUSTICE, et al., )
)
Defendants. )

United States District Court
for the District of Columbia
A TRUE COPY
NANCY MAYER-WHITTINGTON, Clerk
By _____ Payne
Deputy Clerk

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, but the case transferred to the United States District Court for the District of Kansas for the following reasons.

Plaintiff is incarcerated at the Butler County Detention Center in El Dorado, Kansas. He alleges that federal and state officials violated his constitutional rights by subjecting to him to physical and psychological abuse.

Under Title 28 U.S.C. § 1404(a) a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

Even though a court should typically give deference to a plaintiff's forum choice, it need give

substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F.Supp.2d 64, 65 (D.D.C. 2001).

Plaintiff is challenging the actions of officials in Kansas. This case does not involve an issue of national policy which would require the testimony of high-level agency officials in Washington, D.C. *See Starnes v. McGuire*, 512 F.2d 918, 932-33 (D.C. Cir. 1974)(enbanc). The District of Columbia has no apparent connection to this case. Therefore, in the interests of justice, it is

**ORDERED** that plaintiff's application to proceed *in forma pauperis* is **GRANTED** and the case transferred to the United States District Court for the District of Kansas.

United States District Judge

Dated: 12/17/04